UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

AARON WONG,                                                              04 CV 4569 (JBW)

                Plaintiff,

  -against-

P.O. YOUNG YOO, Shield No. 27582,
SERGEANT ANTHONY ALFANO, P.O.
STEPHEN VIANI, Shield No. 21187,
JAMES MANGONE, DETECTIVE LEONARD
CIURCINA, Shield No. 5595,

                Defendants.
----------------------------------------------------------------------X

## DEFENDANT POLICE OFFICERS YOO & VIANI'S MEMORANDUM OF LAW IN SUPPORT OF INCLUDING INSERTING THE REQUESTED LANGUAGE INTO THE COURT'S JURY INSTRUCTION ON QUALIFYED IMMUNITY

Police Officers Yoo and Viani ("Yoo" and "Viani") believe that the evidence supports probable cause to arrest Wong for the following crimes and/or criminal violations: Assault in the Second Degree, Criminal Possession of a Weapon, Harassment and Menacing.

However, if the jury determines that plaintiff has proven a Section 1983 claim against them, they argue that they are entitled to "qualified immunity" because their conduct was "objectively reasonable" under the circumstances. While the Court's Charge on Qualified Immunity in Section VIII. includes "arguable probable cause" language, consistent with recent Second Circuit precedent, Yoo and Viani respectfully request the following three sentences be inserted at the end of Section VIII. ¶3:

1

> **"In deciding whether an officer is entitled to qualified immunity cases, the focus is not on the "correctness of the officer's conduct, but rather the 'objective reasonableness' of his chosen course of action given the circumstances confronting him at the scene."** (*See*, *Kraft v. City of New York*, 2010 WL 1009548 *12 (S.D.N.Y.) quoting Lennon v. Miller*, 66 F.3d 416, 421 (2d Cir.1995).

> **"Further, "[p]lausible instructions from a superior or fellow police officer support qualified immunity where, viewed objectively in light of the surrounding circumstances, they could lead a reasonable police officer to conclude that the necessary legal justification for his actions exists."** *Kraft*, *supra*,*12 quoting Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir. 2003).

> **"A police officer is also entitled to qualified immunity if, at the time of the conduct complained of, the officer reasonably but mistakenly concluded that probable cause existed."**

## ARGUMENT

It is well-settled in this Circuit that even when probable cause for arrest does not exist, an officer is entitled to qualified immunity if he can show that there was "arguable probable cause" for the arrest. "Arguable probable cause ... exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably

2

believed that probable cause existed in the light of well established law." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir.2009) (*per curiam*) (*quoting Zellner v. Summerlin,* 494 F.3d 344, 367 (2d Cir. 2007).

In deciding whether arguable probable cause existed, the focus of the inquiry is to whether "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004) (*quoting Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991). (internal quotation marks omitted).

Even in situations in which an officer reasonably but mistakenly concludes that probable cause exists, "the officer is nonetheless entitled to qualified immunity." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir.2002). This is because at its heart, "[t]he concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier v. Katz*, 533 U.S. 194, 205 (2001). "Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause ... and in those situations courts will not hold that they have violated the Constitution." *Id.* at 206. Therefore, in situations where a police officer may have reasonably but mistakenly concluded that probable cause existed, that officer is nonetheless entitled to qualified immunity. *See, Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir.1995) (" '[I]t is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials ... should not be held personally liable.' " (*quoting Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

3

Here, the trial testimony sets forth the following:

1) Police Officers Yoo and Viani were directed to the scene by a radio call of an "assault in progress." (Transcript of Trial, pg. 724). (Hereinafter, Trial at pg. __).

2) Upon arrival, Officer Yoo observed a man was injured and bleeding very badly from the face. (Trial at pg. 726).

3) The man, later identified as James Mangone, said he was attacked and identified Aaron Wong as the person causing his injury. (Trial at pp. 726-727).

4) Wong was handcuffed and taken to Yoo's police car (Trial at pp. 729-730).

5) Yoo attempted to find out what happened by speaking to both Wong and Mangone.

6) Wong's trial testimony is unequivocal that:

   a) Yoo spoke to him in the police car (Trial at 132).

   b) Wong admitted to Yoo that the knife Yoo showed him was his. (Trial at pg. 184).

   c) Yoo confronted him with Mangone's allegation that he had tried to stab him with the knife and Wong said, "no and that was it." (Trial at pg. 206).

   d) Wong admitted to Yoo that he had cut Mangone with the mirror (Trial at p. 183-184).

   e) Wong never asked Yoo, Viani or Sgt. Alfano for medical treatment (Trial at pg. 184).

   f) Wong never complained to Yoo, Viani or Alfano about pain either at the scene or on the way to the police precinct. (Trial at pg. 188).

g)      Wong never told Yoo, Viani or Alfano while at the scene or on the way back to the police precinct that Mangone used racially derogatory words. (Trial at pp. 204-205).

Based on the trial testimony, the jury could reasonably conclude that even if probable cause did not exist for Wong's arrest, Yoo, Viani and Alfano reasonably but mistakenly concluded that probable cause existed.

## **CONCLUSION**

For the reasons set forth herein, Defendants Yoo and Viani respectfully request that the Court insert the requested language into Qualified Immunity instruction in the Jury Charge.

Dated:      New York, New York
            April 24, 2010

                                    Respectfully submitted,


                                    _____/s/_____
                                    WORTH, LONGWORTH &
                                    LONDON, LLP
                                    By: Mitchell Garber, Esq. (MG6652)
                                    Attorneys for Defendants Yoo & Viani
                                    111 John Street, Suite 640
                                    New York, NY 10038
                                    (212) 964-8038