UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AARON WONG,

                                                                   Plaintiff,

04 CV 4569 (JBW)(ALC)

-against-

AFFIRMATION OF
ALAN D. LEVINE
IN SUPPORT OF
MOTION FOR
ATTORNEY'S FEES

P.O. YOUNG YOO, Shield No. 27582,
SERGEANT ANTHONY ALFANO, P.O.
STEPHEN VIANI, Shield No. 21187,
JAMES MANGONE, DETECTIVE
LEONARD CIURCINA, Shield No. 5595,

                                                      Defendants.
-----------------------------------------------------------------------X

ALAN D. LEVINE, ESQ., an attorney admitted to practice before this court affirms the following to be true under the penalty of perjury pursuant to 28 U.S.C. §1746:

1.     I am the attorney for the plaintiff in this action and as such am fully familiar with the facts herein. I make this affirmation in support of plaintiff's motion for an award of attorney's fees and costs in this action.

2.     On May 12, 2010, a judgment was entered in the office of the clerk of this court awarding plaintiff damages in the amount of $200,000.00 against defendant Mangone and reserving for subsequent judgment the award of attorney's fees and disbursements. A copy of the judgment is annexed hereto as Exhibit "A."

3.     Pursuant to 42 U.S.C. Section 1988, plaintiff now seeks attorney's fees in the amount of $ 189,360.00 and disbursements, excluded from the bill of costs, in the amount of $ 8,680.11. The amount requested is based upon a fee of $400.00 per hour for attorney's work time and $200.00 per hour for attorney's travel time. Multiplying these sums by 449.2 hours and adding the disbursements results in a total amount

requested of $ 198,040.11. My request for an award of fees at the rate of $400.00 per hour is one that is reasonable for the Eastern District of New York and is based upon the factors enumerated hereinbelow.

4. I am a sole practitioner with an office for the practice of law located at 80-02 Kew Gardens Road, Kew Gardens, New York. I have represented plaintiff in this action during its entire course, commencing on October 5, 2004.

5. I received a Bachelor of Arts degree from the City College of New York in 1961, a Master of Arts degree in political science from Rutgers University in 1963 and a Juris Doctor degree from Rutgers University School of Law-Newark in 1980. While in law school, I was a member of law review. My student law review note was cited by Justice Blackmun in his opinion for the Court in Reeves, Inc. v. Stake, 447 U.S. 429, 444 (1980).

6. I was an Assistant Corporation Counsel for the City of New York from 1980 until 1984. I was an associate at the law firm of Pearlman, Apat and Futterman in Kew Gardens, New York in 1984 and 1985. I was a sole practitioner with an office in Manhattan from 1985 until 1990. From 1990 until 1993 I was a partner in the law firm of Novitt, Levine and Sahr in Kew Gardens, New York. Since 1993 I have again been a sole practitioner, with my office located in Kew Gardens, New York.

7. I am a member of the bars of the State of New York, the United States District Courts for the Southern, Eastern and Northern Districts of New York and the United States Court of Appeals for The Second Circuit.

8. In 2005 I delivered a lecture to the Queens County Bar Association on "Human Rights Law in Employment Cases." In 2009, I was a teacher in a CLE course

at the Queens County Bar Association on the topic of "Psychological Factors in Lawsuits."

9. Approximately two-thirds of my practice is devoted to civil rights cases. The remainder of my practice is devoted to litigation involving negligence and intentional torts. Among my more significant cases are the following:

a. Carter v. Montero, S.D.N.Y. 06 CV 4670 (LMS). Verdict of $82,000.00 for two plaintiffs who were the subjects of an improper Terry stop. Judgment affirmed at 345 Fed. Appx. 605 (2d Cir. 2009). I was awarded attorney's fees at the rate of $375.00 per hour.

b. Martinez v. Gayson, 1998 WL 564385 (E.D.N.Y.). Verdict of $320,000.00 for Kennedy Airport security guard falsely arrested by Port Authority police officer, held for five hours and acquitted of resisting arrest after trial in Criminal Court.

c. Cox v. Burton, Supreme Court, New York County, 1990. Verdict for $806,000.00 on counterclaim by Housing Authority police officer who shot assailant in an off-duty incident.

d. Mercurio v. City of New York, (E.D.N.Y. 1980). Defendants' verdict for City of New York and six police officers accused of beating plaintiff. I was an assistant corporation counsel, defending in this action.

e. Patel v. Jackson, Supreme Court Queens County Index No. 4281/1995. Negligent shooting by off-duty Transit Authority police officer settled for $200,000.00 after jury selection.

  f. <u>Long Island Oil Products, Co. v. Local 553 Pension Fund</u>, 775 F. 2d 24 (2d Cir. 1985). Case stands for the proposition that it does not violate due process for Congress to retroactively amend a statute that itself had retroactive effect.

  g. <u>Screven v. Hernandez</u>, E.D.N.Y. 08 CV 4514 (RJD) (CLP)  Settlement of $65,000.00 for student who was maced and arrested by a police officer for proceeding down the up staircase in a subway station.

  h. <u>Cadet v. Miller</u>, 2009 WL 2923720 (E.D.N.Y.) Denial of summary judgment to four Nassau County police officers who held infant plaintiff prisoner in her own home for approximately twenty minutes. Case settled for $30,000.00.

  i. <u>Moakley v. Velarde,</u> 2002 WL 287848 (S.D.N.Y.) Summary judgment motion brought by defendant police officers who arrested New York City Housing Inspector for allegedly purchasing drugs was denied. Plaintiff was held for approximately one hour and never formally charged. Case settled for $60,000.00.

  j. <u>United States v. Weisz</u>, 914 F. Supp. 1050 (S.D.N.Y 1996). Housing discrimination complaint against defendant dismissed on ground that federal law was not implicated in a dispute between neighbors.

  k. <u>Cordero v. Corbisiero</u>, 80 N.Y. 2d 771 (1992). Unanimous reversal of unanimous Appellate Division decision. Court of Appeals held that the New York State Racing and Wagering Board violated due process by not properly promulgating rule imposing extra penalties for jockeys penalized at Saratoga Race Track.

  l. <u>Adika v. Corbisiero</u>, 154 A.D. 2d 299 (1st Dep't 1989). Decision reversed revocation of jockey agent's license, holding that it was a violation of due process

for the Administrative Law Judge who presided over the Racing and Wagering Board hearing to have been the supervisor of the attorney who prosecuted the agency's case.

m. Maher, et al. v. Monahan, et al., 98 CV 2319 (JGK) (S.D.N.Y. 1998). I was one of five attorneys who represented the plaintiffs in this Title VII action. I prepared most of the motions for the five plaintiffs represented by the office of Jeffrey L. Goldberg, took several of the depositions and prepared the extensive pre-trial order. The case of the five plaintiffs represented by Mr. Goldberg's office settled for $650,000.00.

n. Powell v. O'Brien, 00 CV 7640 (E.D.N.Y. 2000). Settlement of $185,000.00 for ex-convict wrongfully charged with murder and held without bail on Rikers Island.

o. Mack v. Town of Wallkill, 253 F. Supp. 2d 552 (S.D.N.Y. 2003). After denial of most of defendants' motion for summary judgment, this case, involving the arrest and overnight incarceration of a woman wrongfully accused of damaging a police car, was settled for $150,000.00.

p. Lugo v. Gallagher, 05 CV 2327 (E.D.N.Y. 2005). Lawsuit brought by diner patron who was punched by a New York City Police sergeant who was taking his meal break in the same diner. Settled for $90,000.00.

q. Raniola v. Bratton, 2003 WL 1907865 (S.D.N.Y.). I was lead trial counsel for plaintiff in her first trial, during which her case was dismissed by the trial judge. The dismissal was reversed by the Second Circuit on an appeal brought by my co-counsel. My co-counsel died before the second trial commenced. Plaintiff chose a new attorney to represent her at the trial on remand, in which she was successful. The

opinion cited is the court's ruling on the motion for attorney's fees. The defendants were ordered to compensate me at the rate of $350.00 per hour.

10. In this action, I was retained by plaintiff to represent him after his statute of limitations for bringing an action pursuant to New York common law had expired. I advised him to immediately have a complaint filed with the Civilian Complaint Review Board and set about to prepare a purely federal case on his behalf. I researched and prepared a complaint alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985. During the course of the litigation, it was necessary to prepare three amended complaints. I accompanied plaintiff's mother and girlfriend-witness Brooke Lopez at their interviews by Staten Island Investigations. During the course of the litigation I accompanied Mr. Wong and Ms. Lopez at their interviews by the New York City Police Department's Internal Affairs Bureau and the Federal Bureau of Investigation. I represented Mr. Wong at his three deposition sessions and Ms. Lopez at her two deposition sessions. I took the depositions of all the defendants. I engaged in extensive document discovery. I researched, drafted and argued a successful motion for the inclusion of Leonard Ciurcina as a defendant in the action when his identity was revealed, subsequent to the expiration of the statute of limitations. I opposed the motions for summary judgment brought by all the defendants. I represented plaintiff at a considerable number of conferences held at court. I was plaintiff's sole attorney at the trial of this action, which included not only representing him in the courtroom but also preparing proposed jury charges, a motion in limine, briefs on several issues of law that arose during trial, and a set of proposed jury charges. Annexed to this affirmation as Exhibits "B" and "C,"

respectively, are a copy of my contemporaneous time records with regard to this case and copies of the bills for those disbursements not included in plaintiff's bill of costs.

11. I request compensation in this action for the legal services that I provided to plaintiff. Based upon my ability, my nearly thirty years of experience practicing law, my expertise in handling civil rights litigation, my having tried approximately twenty cases to verdict and, in particular, my representation of plaintiff in this action, I request compensation at the rate of $400.00 per hour for my court and office time and $200.00 per hour for travel time. In further support of this application, I have annexed hereto as Exhibits "D" and "E," respectively, affidavits from Ira H. Futterman, Esq. and John F. McHugh, Esq.

12. I believe that the hourly rate I am requesting is reasonable and proper based upon my years of experience and my knowledge in working in this particular specialized field of law. Moreover, I believe that this rate is in accordance with the rates charged by and awarded to attorneys with my level of experience and specialization in this type of case in the Eastern District of New York. All of the time that I expended in working on this case was reasonable and necessary to properly represent the plaintiff and to litigate the action. I believe that the compensation requested is warranted and should be awarded by this court.

WHEREFORE, I request compensation at the rate of $400.00 per hour for court and office time and $200.00 per hour for travel time, plus disbursements.

Dated: Kew Gardens, New York
May 18, 2010

ALAN D. LEVINE, ESQ.