**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**AARON WONG,**

                Plaintiff,                                             **MEMORANDUM & ORDER**

     -against-                                                          04-CV-4569 (JBW) (ALC)


**POLICE OFFICER YOUNG YOO, SERGEANT
ANTHONY ALFANO, POLICE OFFICER
STEPHEN VIANI, JAMES MANGONE, AND
DETECTIVE LEONARD CIURCINA,**

                Defendants.

-------------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

    **I.**        **Background**

Before the Court is Plaintiff Aaron Wong's motion for attorney's fees. (Docket Nos. 191-193) On May 12, 2010, the Court entered a partial judgment against Defendant James Mangone awarding Plaintiff $200,000 in damages for violations of 42 U.S.C. § 1981. (Docket No. 189.) Plaintiff now seeks an award of attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff requests a fee of $400 per hour for his attorney's labor and $200/hr. for his attorney's travel time. Defendant Mangone does not dispute that Plaintiff is entitled to an award of attorney's fees, but submits that Plaintiff's counsel's hourly rate should be $300 and his travel time should be compensated at $150/hr. Defendant also requests that the Court reduce the hours Plaintiff claims that the attorney worked and requests that the Court scrutinize the reasonable expenses submitted by counsel. For the reasons set forth below, I award Plaintiff **$167,286.36** in attorney's fees and reasonable expenses.

1

## II. Discussion

The presumptive reasonable attorney's fee is calculated by determining a "reasonable hourly rate" and multiplying that rate by the "number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983). The Court of Appeals in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (as amended on petition for rehearing), held that district courts should consider the following factors when determining the attorney's reasonable hourly rate:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Id*.

There is a presumption that district courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *See Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (internal citation and quotation marks omitted); *see also Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (citing cases). Courts can determine the prevailing market rate in their district by "rely[ing] on [their] own knowledge of comparable rates charged by lawyers in the district," *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (citing *Ramirez v. New York City Off-Track Betting Corp.*, No. 93-CV-0682, 1997 WL 160369, at *2 (S.D.N.Y. Apr. 3, 1997)), "as well as on evidence submitted by the parties." *Stirrat v. Ace Audio/Visual, Inc.*, No. 02-CV-2842, 2007 WL 2229993, at *2 (E.D.N.Y. Jul. 31,

2007) (citing *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005)). The size of the firm may affect a court's determination of a reasonable fee "since a smaller firm does not have the same overhead costs as a larger firm and, thus, should have a lower rate." *Levy v. Powell*, No. 00-CV-4499, 2005 WL 1719972, at *9 (E.D.N.Y. Jul. 22, 2005) (citing *Murray ex. rel. Murray v. Mills*, 354 F. Supp. 2d 231, 241 (E.D.N.Y. 2005)); *see also Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (noting that "smaller firms may be subject to their own prevailing market rate"); *Green v. City of New York*, No. 05-CV-429, 2009 WL 3088419, at *3 (E.D.N.Y. Feb. 13, 2009); *Cioffi v. N.Y. Cmty. Bank*, 465 F. Supp. 2d 202, 219 (E.D.N.Y. 2006) (finding that rates are lower for solo practitioners). Other factors may also warrant an adjustment of a fee award, such as the level of success achieved by counsel. *See Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005); *Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 214 (E.D.N.Y. 2007).

### A. Calculation of Hourly Rate

In support of the application, Plaintiff's counsel submits an affirmation describing his education and employment background, his significant cases, his law practice, his professional activities, as well as affidavits from other attorneys in the community. The application summarizes that counsel has over thirty years of experience, is a solo practitioner dedicating the majority of his practice to civil rights cases, and successfully represented Plaintiff in the instant matter that was pending for over six years. Counsel proffers that in 2009, the Southern District of New York awarded him fees at an hourly rate of $375.

I find that while there are cases that support a fee of $400/hr., *see Luca v. County of Nassau*, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y. 2010), an hourly rate of $375 is appropriate for the instant matter. Counsel is a solo practitioner with less overhead and fixed costs than law firm partners who were awarded $400/hr. for fees in the cases that Plaintiff submits. *See Chambless*, 885 F.2d at

1058-59 (noting that courts do not need to assign the same rate to every law firm in the district because billing rates for attorneys at larger firms are generally higher than rates for attorneys at smaller firms). Plaintiff received only a partial judgment in the instant matter. He was successful as to Defendant Mangone, but the jury did not find culpability as to the other three defendants. Moreover, Plaintiff was successful as to only the § 1981 claim. Numerous hours were billed bringing an action against all defendants and Plaintiff's fee application includes the hours billed for litigating against the other defendants as well as litigating the other claims. Moreover, if the Southern District awarded Mr. Levine $375 in 2009, I find it appropriate to award him $375 in 2010 because rates in the Eastern District are historically lower than rates in the Southern District. *See, e.g., Simmons*, 575 F.3d at 175 (holding that E.D.N.Y. litigants cannot recover S.D.N.Y. rates unless they "persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result."). An hourly fee of $375 is a fair determination in light of the cases that support such a fee. *See, e.g., Trustees of the Local 813 I.B.T Ins. Trust Fund v. Sprint Recycling*, No. 09-CV-04435, 2010 WL 3613839, at *4 (E.D.N.Y. Aug. 6, 2010) (finding that reasonable rates for partners range from $200 to $350 in the E.D.N.Y.); *Blue v. Finest Guard Services, Inc.*, No. 09-CV-133, 2010 WL 2927398, at *15 (E.D.N.Y. Jun. 24, 2010) (awarding $325/hr. to an attorney with twenty years of experience); *Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (holding that rates in the Eastern District vary from $200 to $375 per hour for partners).

Both parties submit that counsel's rate for travel time should be half of his hourly fee. Accordingly, counsel will be awarded $187.5/hr. for travel time. *See Lochren v. County of Suffolk*, No. 01-CV-3925, 2010 WL 1207418, at *4 (E.D.N.Y. Mar. 23, 2010) (reimbursing attorneys for travel time at fifty percent of their hourly rate); *Duke v. County of Nassau*, No. 97-CV-1495, 2003 WL 23315463, at *5 (E.D.N.Y. Apr. 14, 2003) (reducing the amount billed for travel time by fifty

4

percent of the attorney's general billing rate); *Connor v. Ulrich*, 153 F. Supp. 2d 199, 203 (E.D.N.Y. 2001).

### B. Calculation of hours

A party seeking an award of attorney's fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). Fee applications that do not contain such supporting data "should normally be disallowed." *Carey*, 711 F.2d at 1154. The court has a great deal of discretion in awarding attorney's fees and can deduct hours if it finds that the hours charged are superfluous or unreasonable. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). When determining the number of reasonable hours, hours found to be "excessive, redundant or otherwise unnecessary" may be excluded. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Courts may reduce the number of hours in a fee application where the billing information submitted by the claimants is "too vague to sufficiently document the hours claimed." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). A court has the discretion to make an across-the-board percentage reduction to exclude unreasonable hours. *Luciano*, 109 F.3d at 117.

Plaintiff submits contemporaneous time records and expenses relating to the instant litigation. Defendant argues that general descriptions, such "Research" and "Drafting Motion" should be disfavored and the entries should be stricken. However, general entries, when viewed in conjunction with the timeline of the litigation, may be permissible. *See Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. Jun. 13, 2005) (citing *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 970 F.Supp. 333, 342 (S.D.N.Y. 1997)). Courts may use their knowledge of the events in the case to assess the reasonableness and sufficiency of the time entries. *Id.* (citing *Algie v. RCA Global Comm'ns., Inc.*, 891 F.Supp. 875, 894 (S.D.N.Y. 1994),

*aff'd*, 60 F.3d 95 (2d Cir. 1995); *Perdue v. City Univ. of New York*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998). After further review, while some of the entries are vague, I am able to ascertain the substance of the entries as they relate to the litigation. In addition, Plaintiff explains some of the vagueness in his reply memorandum. The entries are reasonable and the alleged ambiguity of the descriptions do not rise to the level warranting an across the board percentage cut. *See Aiello*, 2005 WL 1397202, at *3 (E.D.N.Y. Jun. 13, 2005) (finding that a percentage cut was unnecessary to one attorney because the number of vague entries were insignificant, but applying a percentage cut to another attorney where the records were replete with entries that could not be explained in relation to the litigation).

Defendant also argues that some of the entries are duplicative. Plaintiff agrees that duplicate entries from 5/16/08, 5/19/08, 5/21/08, 8/5/08, and 7/30/09 time entries be stricken. After further review of the remainder of the time entries, I do find them to be reasonable and compensable. Accordingly, I find that a fee award of 397.5 hours at $375/hr. and 50.90 hours of travel time at $187.5/hr. is appropriate.

### C. Reasonable Expenses

A prevailing party may recover expenses that an attorney would typically charge a fee-paying client. "Attorneys' fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *United States Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989) (additional citations omitted); *see also Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F .2d 278, 283 (2d Cir. 1987). Plaintiff requests reimbursements for expenses such as printing, travel expenses, retention of an investigator, copies of medical reports, etc. These expenses are appropriate in the instant litigation and are generally included in a fee award. *See Brightstar U, Inc. v. Cellpoint, Inc.*, No. 07-CV-1893, 2010 WL 300367, at *4 (E.D.N.Y. Jan. 20, 2010) (allowing recovering for "filing, service of process, phone

services, postage, couriers, travel, photocopying, transcripts and online research services."); *Levy*, 2005 WL 1719972, at *12 (allowing recovery of costs for "photocopies, deposition transcripts, expert witness fees, travel, filing fees, messenger services, mailings, and facsimiles."). Accordingly, Plaintiff is entitled to $8,680.11 in reasonable expenses.

### III. Conclusion

For the reasons set forth above, I award $158,606.25 to Plaintiff for attorney's fees and $8,680.11 for reasonable expenses, for a total award of **$167,286.36**.

**SO ORDERED**

**Dated: October 19, 2010**
    **Brooklyn, New York**

                                      ____/s/ ALC_____
                                      **HONORABLE ANDREW L. CARTER, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**