UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AARON WONG,

                        Plaintiff,

        -against-                                       ORDER
                                                               04-CV-4569 (JBW)
YOUNG YOO, et al.,

                        Defendants.
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       On June 28, 2012, I terminated defendant James Mangone's motion to quash, Docket Entry 241, inferring from plaintiff's letter of June 13, Docket Entry 253, that plaintiff was no longer seeking the documents at issue in defendant's motion.  Plaintiff has since informed the Court that he does press one document request defendant sought to quash, that for the 2011 federal tax return of the Mangone Family Partnership.  *See* Docket Entry 255.

       Defendant Mangone's motion to quash highlights the tension between Florida law and federal law as to discovery about this partnership.  Florida law provides protection for certain activities of limited partnerships; this much is clear.  *See* FLA. STAT. ANN. § 620.1703(3) (providing that remedies, other than that stated in section (1) of the statute for a charging order against a partner's interest, "including foreclosure on the partner's interest . . . and a court order for directions, accounts, and inquiries that the debtor general or limited partnership might have made are not available to the judgment creditor"); *see also Martineau v. Banco Popular N. Am.*, 77 So.3d 925, 926 (Fla. Dist. Ct. App. 2012) (Casanueva, J., concurring) (interpreting Section 620.1703 to prohibit the "production of financial records relating to an account owned by" a Florida limited partnership).  Defendant invokes this statute in his effort to prevent disclosure of

the partnership's tax return. *See* Def. Mem. at 9-14.[1]

While state law privacy concerns such as these are due deference, they cannot overwhelm significant federal interests. *See King v. Conde*, 121 F.R.D. 180, 188, 195 (E.D.N.Y. 1988) (holding, in a federal civil rights case, that "federal courts must balance the interests favoring and disfavoring disclosure in order to resolve discovery disputes" where state and federal rules conflict because of the "paramount importance of federal civil rights policy" and the fact that"[f]ederal law disfavors privileges barring disclosure of relevant evidence"); *see also Billups v. West*, 1997 WL 100798, at *5 (S.D.N.Y. Mar. 6, 1997) (applying the *King* balancing test where a prisoner sought non-privileged but personal information regarding Department of Corrections officers in a civil rights case). These important federal interests exist here. A jury awarded Wong substantial damages as compensation for defendant Mangone's violation of his civil rights under color of law. *See* Jury Verdict dated Apr. 29, 2010; Partial Judgment, Docket Entry 189. The Court of Appeals for the Second Circuit has affirmed this judgment, *see* 450 Fed. Appx. 27 (2d Cir. 2011), but the damages owed remain unpaid.

The Court has considered these competing interests and orders the following: 1) the tax return shall be provided to defendant Mangone's attorney, Mr. Kleinman; 2) by July 31, 2012, by letter or during the previously scheduled telephone conference, Mr. Kleinman will inform the Court whether he has received the return and propose a date for a court conference; 3) at this conference, counsel for plaintiff will be required to articulate with specificity why he requires this tax return and may bring an appropriate expert to assist him in doing so. The Court will then examine the document and order disclosure as appropriate. The Court rules this way in order to give deference to the privacy concerns central to the Florida statute, while recognizing the "great

---

[1] "Def. Mem." refers to the defendant's memorandum in support of his motion to quash, Docket Entry 241-2. Defendant also submitted a supplemental letter responding to the Court's questions during a conference on May 11, 2012. *See* Def. Supp. Mem., Docket Entry 250.

weight of the policy in favor of discovery in civil rights actions." *King*, 121 F.R.D. at 195.

SO ORDERED.

Dated:   Brooklyn, New York
         July 20, 2012

                                                          _____/s/_____
                                                          STEVEN M. GOLD
                                                          United States Magistrate Judge

*U:\rmk 2011-12\Wong v Yoo\Wong v Yoo Partnership Tax Returns Order.docx*