UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AARON WONG,

                        Plaintiff,
        -against-                                  ORDER
                                                                     04-CV-4569 (JBW)
YOUNG YOO, et al.,

                        Defendants.
------------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       In this action to enforce the judgment entered against defendant James Mangone, plaintiff requests the records of a trust into which the Mangone family home was transferred. The parties' briefing on this issue, *see* Docket Entries 247 (defendant's reply brief in support of an earlier motion to quash), 252 (plaintiff's letter in support of his motion to enforce the judgment), 254 (defendant's response to Docket Entry 252), 256 (plaintiff's reply), has centered on whether the plaintiff can in fact attach funds from the transfer and the subsequent refinancing of the home in order to satisfy the judgment. During an August 14, 2012 conference, however, plaintiff's counsel indicated that he required certain records from this trust, named the Mangone Revocable Trust. *See* Hr'g at 4:43. I stated that I would issue on an order on whether plaintiff's counsel is entitled to "the documents that enable him to know what the value of his client's rights are" vis-à-vis these funds. *Id.* at 4:45. For the reasons stated below, without ruling on the ultimate question of whether or not the funds can be attached, I order that defendant produce these documents.

       Plaintiff has moved for entry of an order pursuant to N.Y. C.P.L.R. 5226 directing Mangone to make installment payments. Docket Entry 219. C.P.L.R. Section 5226 requires a court to "take into consideration the reasonable requirements of the judgment debtor and his

dependents." Throughout discovery on plaintiff's motion, defendant Mangone has presented a complex financial picture involving trusts arguably shielded from discovery under state law and various corporations as holders of his assets. For the Court to assess what Mr. Mangone's "reasonable requirements" are, the clearest possible picture of his finances is essential. As such, even if the assets of the revocable trust are unavailable for satisfaction of the judgment, they will nevertheless undoubtedly be relevant to determining what Mr. Mangone can afford to pay with whatever income or property can be reached.

To the extent that defendant argues that these records are not discoverable because the trust at issue is held by a Florida partnership, and Florida law arguably prohibits examination of partnership assets, *see* Def. Supp. Mem. to the Motion to Quash at 9, Docket Entry 250, he is referred to my previous order on this question, *see* Docket Entry 257. Similarly, defendant's position on the relevance of *King v. Conde* articulated in his most recent letter is noted but was also ruled upon in the same order. *See* Docket Entry 262 (discussing *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988)). Defendant shall produce the relevant records to plaintiff by September 3, 2012.

        SO ORDERED.

Dated:        Brooklyn, New York
                August 17, 2012

                                                /s/
                                  STEVEN M. GOLD
                                  United States Magistrate Judge

*U:\rmk 2011-12\Wong v Yoo\Wong v Yoo Revocable Trust Order.docx*